Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

Attorneys for Plaintiff
Clara Crossman

# United States District Court
# Eastern District Of California
# Sacramento Division

| | |
|---|---|
| **CLARA CROSSMAN,** | **Case No.: _____** |
| PLAINTIFF, | |
| | **COMPLAINT FOR DAMAGES** |
| v. | |
| | **JURY TRIAL DEMANDED** |
| **CAPITAL ONE AUTO FINANCE,** | |
| DEFENDANT. | |

## INTRODUCTION

1.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging

1  in unfair or deceptive acts or practices.[1]

2.  CLARA CROSSMAN, ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CAPITAL ONE AUTO FINANCE, ("Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3.  Unless otherwise indicated, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of that defendant named.  All allegations are made on information and belief, except those allegations that pertain to the named Plaintiff(s), or to their attorneys, which are alleged on personal knowledge.

### JURISDICTION AND VENUE

4.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

5.  This action arises out of Defendant's violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA).

6.  Because Defendant does business within the State of California, personal jurisdiction is established.

7.  Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

8.  Plaintiff is a natural person who resides in the City of Sacramento, County of Sacramento, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.  Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

1    Plaintiff, and is a "debtor" as that term is defined by California Civil Code §

2    1788.2(h).

3    10.   Plaintiff is an active duty member of United States Army National Guard.

4    11.   Plaintiff is informed and believes, and thereon alleges, that Defendant is a

5          company operating from the City of Plano, County of Collin, State of

6          California.

7    12.   Plaintiff is informed and believes, and thereon alleges, that Defendant is a

8          person who uses an instrumentality of interstate commerce or the mails in a

9          business the principal purpose of which is the collection of debts, or who

10          regularly collects or attempts to collect, directly or indirectly, debts owed or

11          due or asserted to be owed or due another and is therefore a "debt collector" as

12          that term is defined by 15 U.S.C. § 1692a(6).

13    13.   Plaintiff is informed and believes, and thereon alleges, that Defendant, in the

14          ordinary course of business, regularly, on behalf of himself or herself or

15          others, engages in debt collection as that term is defined by California Civil

16          Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by

17          California Civil Code § 1788.2(c).

18    14.   This case involves money, property or their equivalent, due or owing or

19          alleged to be due or owing from a natural person by reason of a consumer

20          credit transaction.  As such, this action arises out of a "consumer debt" and

21          "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

22                              FACTUAL ALLEGATIONS

23    15.   At all times relevant, Plaintiff was an individual residing within the State of

24          California.

25    16.   Plaintiff is informed and believes, and thereon alleges, that at all times

26          relevant Defendant conducted business in the State of California.

27    17.   Sometime before January 1, 2007, Plaintiff allegedly incurred financial

28          obligations to Capital One Auto Finance that were money, property, or their

equivalent, specifically, a 2002 Ford Mustang, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

18. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before January 1, 2007, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

20. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before January 1, 2007, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

21. On or about January 1, 2007, Plaintiff telephoned Defendant to advise them that, due to circumstances beyond he control, she needed to request forbearance on the loan. Defendant told Plaintiff to make the payments "as soon as she could."

22. On or about 5/25/2007, Defendant's agent came to the place of employment of Plaintiff and requested Plaintiff allow Plaintiff's agent to take the car. Plaintiff explained that the car was not on at that location and that she was intended to retain the car and pay off the debt as agreed.

23. On or about 5/31/2007, Defendant telephoned Plaintiff's Commander and discuss the debt claimed owed by Plaintiff in great detail and in violation of Cal. Civ. Code § 1788.17 as it incorporates by reference 15 U.S.C. § 1692b.

24. This communication also violated Cal. Civ. Code § 1788.17 as it incorporates by reference 15 U.S.C. § 1692c(b).

//

25. A few days later, Defendant telephoned Plaintiff's direct supervisor and discuss the debt claimed owed by Plaintiff in great detail and in violation of Cal. Civ. Code § 1788.17 as it incorporates by reference 15 U.S.C. § 1692b.

26. This communication also violated Cal. Civ. Code § 1788.17 as it incorporates by reference 15 U.S.C. § 1692c(b).

27. This second communication with Plaintiff's employer also violated Cal. Civ. Code § 1788.12(a).

28. Subsequently, Plaintiff was criticized by her supervisors due to the highly personal information disclosed by Defendant.

29. Plaintiff now fears that this illegal conduct by Defendant will have a negative impact on her ability to be promoted, her requisite security clearance, and her ability to be employed.

30. This illegal activity by Defendant has caused Plaintiff damages, including stress, embarrassment, sleeplessness, and other emotional and stress related injury.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

33. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

**TRIAL BY JURY**

34. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 7/2/2007                                  Respectfully submitted,
                                                 **HYDE & SWIGART**


                                                 By: /s/ Robert L. Hyde
                                                 Robert L. Hyde, Esq.
                                                 Attorney for Plaintiff