Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
Christopher O. Rivas (SBN 238765)
Email: crivas@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:     +1 213 457 8000
Facsimile:      +1 213 457 8080

Attorneys for defendant
CAPITAL ONE AUTO FINANCE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARA CROSSMAN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CAPITAL ONE AUTO FINANCE,<br><br>　　　　　Defendant. | Case No. 2:07-cv-01306-MCE-EFB<br><br>**STIPULATION RE CONFIDENTIALITY AND PROTECTIVE ORDER**<br><br>Complaint Filed:  July 2, 2007<br><br>Honorable Judge Morrison C. England, Jr. |

　　　　WHEREAS, (i) the litigants are private parties; (ii) the information that the parties will seek from each other and/or from non-parties in discovery might include information that one or more parties believe is important and confidential commercial information and (iii) this Protective Order contains an appropriate mechanism for weighing the interests of those called upon to produce confidential information against the interests of those who may desire broader disclosure; based on these considerations, IT IS HEREBY ORDERED as follows:

**A.　　Scope of Order.**

　　　　1.　　Discovery in this action may involve production of documents by a party or a non-party (the "Producing Party") which are trade secrets and other confidential research, development or commercial information.  This Protective Order shall govern the pretrial designation, use and handling of documents, deposition testimony and related information (collectively, the "Material") which are, or which embody or disclose any information, designated hereunder as "Confidential," and shall apply to:

PDF created with pdfFactory trial version www.pdffactory.com

      a. All such documents so designated in accordance with this Protective Order and all information contained therein;

      b. Portions of deposition testimony and transcripts and exhibits thereto which include, refer to, or relate to any Confidential Material (as defined below);

      c. All information, copies, extracts and complete or partial summaries prepared or derived from Confidential Material; and

      d. Portions of briefs, memoranda or any writing filed with or otherwise supplied to the Court, which include or refer to any such Confidential Material (as defined below).

2. The provisions of this Protective Order shall apply to plaintiff Clara Crossman ("Plaintiff") and defendant Capital One Auto Finance, Inc. ("Capital One"), who are the parties to this action, and any non-party who agrees in writing to be bound by the terms of this Protective Order.

3. "Confidential Material" is defined as any document, material, or thing including, without limitation:

      a. information that constitutes a trade secret in accordance with Cal. Civil Code § 3426.1 (including but not limited to information described in the other categories below);

      b. financial, budgeting, accounting, and/or actuary information, projections, analyses or studies reflecting current or future experience or actions;

      c. non-public communications with regulators or other governmental bodies that are intended to be kept confidential and/or are protected from disclosure by statute or regulation;

      d. information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the producing party;

      e. confidential or proprietary research or development;

      f. strategic planning, commercial planning, product planning and/or price planning;

      g. business decisions and/or negotiations;

      h. pricing, cost, sales, marketing and other competitively sensitive information;

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PDF created with pdfFactory trial version www.pdffactory.com

        i.      information subject to a legally protected right of privacy pursuant to the California Constitution (Art. I, Section 1), statute, or case law;

        j.      information privileged under the California Evidence Code;

        k.      information that would reveal confidential personnel information;

        l.      information that would reveal any internal policy or procedure of the producing party, any entity affiliated with the producing party, and any of their respective predecessors or successors, in their business operations;

        m.      confidential customer-specific information (including account notes, statements, files, and correspondence); and

        n.      information that is personal and private in nature such as financial information, social security information, and credit card data.

**B.     Use of Confidential Material.**

4.     The parties, and all people or entities subject to this Protective Order, must not use Confidential Material for any purpose whatsoever other than in preparation for and in trial of the above-captioned proceeding or any appeals thereof unless specific, written authorization is provided by the Producing Party.  Nothing in this Protective Order, however, prevents any use by a Producing Party of the Confidential Material that it produces.  Nothing herein shall prevent any Producing Party from seeking, by written agreement of the signatories hereto or Court order, further, greater or lesser protection with respect to the use of any Material designated as Confidential in connection with this litigation.

**C.     Designation of Confidential Material.**

5.     Any party or non-party may designate as Confidential any Material it produces in this litigation if counsel for such Producing Party has reviewed and in good faith believes that such Material is subject to this Protective Order as Confidential Material.

6.     The designation of Confidential Material for the purposes of this Order shall be made in the following manner:

///

///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 4 -     DOCSLA-15628149.2-CORIVAS
STIPULATION RE CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER
PDF created with pdfFactory trial version www.pdffactory.com

    a. Material produced in discovery, apart from deposition or other pretrial testimony, may be designated as Confidential, when appropriate to do so, by placing on or affixing to each page of the document or on the object container (in such manner as will not interfere with the legibility thereof) the designation "Confidential," or by reference to Bates numbers. or other document-identifying information.

    b. Deposition or other pretrial testimony may be designated as Confidential, when appropriate to do so, either (i) by a statement on the record, by counsel, at the time of such disclosure, identifying with particularity the precise Confidential Material(s); or (ii) by written notice, sent by counsel to all parties, within thirty days after receipt by the designating party of the transcript of the deposition or other pretrial testimony, identifying with particularity the precise Confidential Material(s).  All transcripts shall be treated as Confidential and subject to this Order until the expiration of such thirty-day period, but thereafter only to the extent designated by the Producing Party.

   **D.** **Disclosure of Material Designated as Confidential.**

   7. Material designated as Confidential and the information contained therein, including any extract, abstract, chart, summary, note, or copy made therefrom, may be disclosed only to the parties and counsel of record for the Parties and, unless otherwise directed by the Court, may be disclosed by such counsel only to the following persons:

    a. Any author or co-author of the document;

    b. Any recipient of the document;

    c. Any management employee of any party;

    d. Any management employee of the non-party producing the Material at issue;

    e. The outside counsel appearing or assisting in this litigation, and the employees of such counsel, including regular and temporary employees, contractors and agents who are assisting in the above-captioned proceeding;

///

///

///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PDF created with pdfFactory trial version www.pdffactory.com

    f. Outside Experts (meaning experts or consultants who have been retained (or have been considered to be retained) to assist counsel in the above-captioned proceeding and who are not directors, officers, or employees of any of the parties or of any affiliates of the party) retained or considered for retention to assist in the preparation, prosecution, resolution or administration of the above-captioned proceeding by any attorney described in subparagraph (e) above, as well as employees, contractors and agents of such Outside Expert.

    g. Outside photocopying, graphic production services or litigation support services employed by counsel to assist in the above-captioned proceeding, and computer service personnel performing duties in relation to a computerized litigation system;

    h. Any individual who previously had access to the Confidential Material in question, in the form that the Confidential Material was produced by the Producing Party, in the ordinary course of business or employment;

    i. In-house counsel (and their paralegals) for each of the parties;

    j. The Court and court personnel, court reporters, stenographers, court personnel, jurors and alternate jurors, if any;

    k. Other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the Producing Party or Parties; and

    l. Percipient witnesses (other than expert witnesses and consultants), including any person while testifying at deposition, hearing or trial.  A witness must sign the Non-Disclosure Certificate before being shown Confidential Material, except that Confidential Material may be disclosed to a witness who will not sign the Certificate only in a deposition at which the party who designated the Confidential Material is represented or has been given notice that Confidential Material produced by the party may be used.  At the request of any party, the portion of the deposition transcript involving the Confidential Material may be designated Confidential pursuant to paragraphs 5 and 6 above, and such witnesses shown Confidential Material are not allowed to retain copies.

///

PDF created with pdfFactory trial version www.pdffactory.com

8.  Each individual given access to Confidential Material pursuant to the terms of this Protective Order shall be advised that the Confidential Material is being disclosed pursuant to the terms of this Protective Order, and may not be disclosed or used other than pursuant to the terms thereof.

**E.  Challenges to Designations.**

9.  Any party who disagrees with the designation by a Producing Party of a document or other information as Confidential ("Objecting Party") may bring a motion before the Court requesting that the Court find that the document or other information is, in fact, not Confidential.

a.  Prior to bringing such motion, the Objecting Party shall notify the Producing Party in writing of the objection via fax.  Within 10 business days of any such objection, and before the Objecting Party submits any disagreements concerning the designation to the Court, the interested parties or other persons shall attempt in good faith to resolve such disagreements.  If no agreement is reached, the Objecting Party may, if it desires, file a motion requesting the Court to determine that the designation is improper.

b.  If a motion challenging the confidentiality designation is brought, the party or other person asserting that a document or other information is Confidential shall bear the burden of demonstrating that the Confidential designation is warranted.

c.  Pending resolution of any dispute concerning such designation, all parties and persons governed by this Protective Order shall treat as Confidential all documents or information previously designated as Confidential under the terms of this Protective Order, unless the Producing Party who claims that the Material produced in discovery is Confidential withdraws such designation in writing.

**F.  Pleadings and Papers Containing Confidential Material.**

10.  Any Material designated Confidential that is to be used or filed with the Court in this action and any pleading or other paper containing Confidential Material, shall be filed with the Court under seal in accordance with Local Rule 43-142.

///

///

PDF created with pdfFactory trial version www.pdffactory.com

**G.     Use of Confidential Material at Trial.**

11.     This Order does not preclude, limit, restrict or otherwise apply to the use of Confidential Material at trial. Prior to trial, upon application by any party, the Court may establish procedures for the use at trial of Material designated as Confidential.

**H.     Inadvertent Productions.**

12.     If Confidential Material is disclosed to any person other than in the manners authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Producing Party of all pertinent facts relating to the disclosure, and make every reasonable effort to retrieve the Confidential Material and to prevent any disclosure by each unauthorized person. In no event shall good faith or inadvertent disclosure of Confidential by a receiving party or counsel be the basis for any motion or any other form of relief or of any other action, so long as the receiving party makes every reasonable effort to retrieve the Confidential Material. Nothing contained in this Order shall limit in any respect the Producing Party's rights and/or claims against any unauthorized person who fails to return Confidential Material.

13.     The inadvertent failure to designate any Material produced in discovery as Confidential shall not be deemed a waiver of such claim of confidentiality. Upon discovery of such inadvertent failure to designate, the Producing Party may correct the error by providing to all parties written notice and an additional copy of the Material marked as Confidential. Within 10 days of receipt of the additional copy of the Material, each party shall return or certify the destruction of all copies of such Material not marked Confidential.

**I.     Subpoenas and Document Demands in Other Cases.**

14.     If any person or entity possessing Confidential Material is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand requests the production of Confidential Material, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the Producing Party, and shall not respond to the subpoena before its due date, in order to give the Producing Party an opportunity to quash or limit the subpoena.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PDF created with pdfFactory trial version www.pdffactory.com

**J. Modification.**

15. Any person may move the Court for a modification of or relief from the terms of this Order at any time upon notice to all parties. The Court may modify or grant relief from the terms of this Order upon request of any person if the circumstances so warrant.

**K. Return or Destruction of Confidential.**

16. Within 60 days after the final disposition of the above-captioned proceeding and all appeals therefrom, whether by judgment, settlement, or otherwise, all Confidential Material(s), and all copies thereof, shall be returned to the Producing Party or shall be certified to have been destroyed. Notwithstanding the previous provisions of this paragraph, outside counsel may retain a copy of any document filed with the Court.

17. This Protective Order shall survive the termination of this litigation and the Court shall retain continuing jurisdiction to enforce its terms.

IT IS SO ORDERED.

DATED: May 1, 2008

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

The undersigned counsel of record stipulate that the Court should enter the above Protective Order as an order of the Court, and further stipulate that in addition the Protective Order shall constitute a binding contract among the parties and their counsel, irrespective of whether an order is entered by the Court.

DATED: April 25, 2008.                **REED SMITH LLP**

PDF created with pdfFactory trial version www.pdffactory.com

1
2
3                                               By    /s/ Christopher O. Rivas
                                                    Christopher O. Rivas
4                                                   Attorneys for Defendants
                                                    CAPITAL ONE AUTO FINANCE, INC.
5
   DATED:  April 28, 2008.                      **HYDE & SWIGART**
6
7
8                                               By    /s/ Joshua B. Swigart
                                                    Joshua B. Swigart
9                                                   Attorney for Plaintiff
                                                    CLARA CROSSMAN

PDF created with pdfFactory trial version www.pdffactory.com